UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OMAR T MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-1443-SRW |
| ) | |
| JUSTIN LEGGINGS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Omar Muhammad brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner at Potosi Correctional Center ("PCC") in Mineral Point, Missouri. ECF No. 1 at 2 & 4. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $8.50 and an average monthly balance of $8.01 (as of the tenth of each month). ECF No. 3. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $1.70, which is twenty percent of Plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against PCC correctional officer Justin Leggings, in both his individual and official capacities. ECF No. 1 at 1-3. Plaintiff alleges that Leggings violated his Eighth Amendment rights when he used excessive force on him in October 2023. *Id.* at 3-5.

In a handwritten attachment[1] to the Complaint, Plaintiff explains that he was awaken one night at PCC by correctional officers conducting a cell search. ECF No. 1-2 at 1-2. Plaintiff complied with their instructions to strip to his boxers, step outside his cell, submit to leg and wrist restraints, and face the wall. Once facing the wall, a correctional officer informed the inmates that if they moved or flinched, they would be sprayed. Plaintiff continued to face the wall but when the inmate on Plaintiff's left side was sprayed with "mase," it made Plaintiff choke and gag. *Id.* As Plaintiff coughed and gasped for air, he turned his head to the right, away from the inmate who was sprayed. Defendant Leggings then sprayed Plaintiff in the face with the "big can of mase."

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Plaintiff states that he "was not acting out in any way" and he "did not pose a threat to anything or anybody." *Id.* at 2-3. He explains that he "wasn't able to stay still" because he was coughing. *Id.* at 1. Following this spray down, Plaintiff alleges that he did not get to shower to rinse the mase from his face or hair for five (5) days. *Id.* at 3.

Plaintiff also attached to his Complaint the grievance filings he submitted at PCC concerning this incident. ECF No. 1-2 at 4-9. It appears that his January 2024 Informal Resolution Response was denied after an investigation determined that Plaintiff was sprayed with pepper spray after failing to comply with a directive to face the wall. *Id.* at 5. Plaintiff's appeal of that denial was also denied, stating: "The Use of Force Review Committee determined the force used was that minimally necessary to control the incident and maintain good order and security. Your claim cannot be substantiated." *Id.* at 7.

In terms of injuries sustained as a result of this alleged excessive force, Plaintiff states: "No injuries just did not get a proper chance to [d]etox or shower." ECF No. 1 at 5. For relief, Plaintiff seeks $250,000 in damages. *Id.*

## Discussion

After careful review and liberal construction of the pleadings, the Court finds that Plaintiff fails to state either an official capacity or individual capacity Eighth Amendment claim against correctional officer Justin Leggings. As such, this case will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### I.  Official Capacity Claim

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th

Cir. 1999). Here, PCC is a Missouri Department of Corrections ("MDOC") facility, so defendant Leggings is an employee of the State of Missouri. Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

In addition, in the absence of a waiver, the Eleventh Amendment[2] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, Plaintiff's official-capacity claim for monetary damages is barred by the Eleventh Amendment and must be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

## II.     Individual Capacity Claim

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the Fourteenth Amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain," including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986).

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

According to the Supreme Court, the question in Eighth Amendment excessive force cases is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). "Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citing *Hudson*, 503 U.S. at 9). In addition, an excessive force claim must show some actual injury. *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994); *Cummings v. Malone*, 995 F.2d 817, 822-23 (8th Cir. 1993).

Plaintiff's claim here fails because he admits that he suffered no injury. He states: "No injuries just did not get a proper chance to [d]etox or shower." ECF No. 1 at 5. As such, any alleged injury was not from the actual pepper spraying by defendant Leggings but was the result of not being able to shower or rinse off the spray over the next five (5) days. However, Plaintiff does not allege that defendant Leggings was responsible for this five-day delay in showering.

In addition, Plaintiff's Complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). In this case, Plaintiff admits that there was no physical injury arising out of the pepper spraying by defendant Leggings, and Plaintiff only requests damages for relief. As such, the PLRA bars recovery on this claim.

For these reasons, Plaintiff's Complaint against defendant correctional officer Justin Leggings, in both his official and individual capacities, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.70 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to defendant Justin Leggings because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant Justin Leggings are **DISMISSED without prejudice.** *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of February, 2025.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE